
EXHIBIT B

STATE OF NEW YORK
# DEPARTMENT OF STATE
ONE COMMERCE PLAZA
99 WASHINGTON AVENUE
ALBANY, NY 12231-0001
WWW.DOS.NY.GOV

KATHY HOCHUL
GOVERNOR

WALTER T. MOSLEY
SECRETARY OF STATE

July 16, 2025

JETBLUE AIRWAYS CORPORATION
JAMIE WEISS
27-01 QUEENS PLAZA NORTH
LONG ISLAND CITY NY 11101, USA

| | |
|---|---|
| RE: Party Served: | JETBLUE AIRWAYS CORPORATION |
| Plaintiff/Petitioner: | JOSEPH JENNINGS |
| Receipt Number: | 202507160660 |
| Date Served: | 07/03/2025 |
| Section of Law: | SECTION 306 OF THE BUSINESS CORPORATION LAW |

To whom it may concern:

Enclosed is a legal document that was served upon the Secretary of State as the designated agent of the above named party. The Department of State is required by law to forward this legal document to the address on file for such party. This office is not authorized to offer legal advice. If you have any questions concerning this document, please contact your attorney.

Recently enacted legislation permits process to be served electronically on the Secretary of State as agent of a domestic or authorized foreign corporation, limited liability company, limited partnership, limited liability partnership, general association or condominium board, provided such entity has provided the Department of State with an email address for electronic service of process notification.

If the above named party has not already done so, it may provide the Department of State with an email address to which the Department will email a notice of the fact that process against such party has been electronically served upon the Secretary of State. A copy of any process served electronically will be made available to the party served through the Department's Electronic Service of Process webpage. Entities may provide the Department with an email address through the amendment procedure permitted by the law for such entity.

Sincerely,

Department of State
Division of Corporations, State Records
and Uniform Commercial Code
(518) 473-2492



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
JOSEPH JENNINGS,

        Plaintiff,

-against-

JETBLUE AIRWAYS CORPORATION and JANE DOE,
the first and last name being fictitious, intended to identify
the JETBLUE flight attendant,

        Defendants.
-----------------------------------------------------------------X

Index No.:

**SUMMONS**
Jury Trial Demanded

Plaintiff designates KINGS
County as the place of trial.

The basis of venue is
Plaintiff's Residence

Plaintiff resides at
2358 Atlantic Avenue
Apt. 1A
Brooklyn, NY 11233

County of KINGS

**To the above named Defendant(s):**

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: HICKSVILLE, NEW YORK
    June 26, 2025

              BERGMAN BERGMAN FIELDS
              & LAMONSOFF, LLP
              Attorneys for Plaintiff(s)
              Office & P.O. Address
              801 S. Broadway
              Hicksville, New York 11801
              Telephone No.: (516) 739-2220

              _____
              By: Melissa A. Cavaliere

**DEFENDANTS' ADDRESSES:**

See Rider

**RIDER**

JETBLUE AIRWAYS CORPORATION
c/o Sec'y of State
c/o JAMIE WEISS
27-01 QUEENS PLAZA NORTH
LONG ISLAND CITY, NY, UNITED STATES, 11101

JANE DOE, the first and last name being fictitious, intended to identify the JETBLUE flight attendant

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
JOSEPH JENNINGS,

                                 Plaintiff(s),

    -against-

JETBLUE AIRWAYS CORPORATION and JANE DOE,
the first and last name being fictitious, intended to identify
the JETBLUE flight attendant,

                                 Defendant(s).
-----------------------------------------------------------------X

Index No.:

**VERIFIED COMPLAINT**

    Plaintiff, by his attorneys, BERGMAN BERGMAN FIELDS & LAMONSOFF, LLP, complaining of the defendants, alleges the following, upon information and belief:

### PARTIES

1. At all relevant times herein mentioned, Plaintiff JOSEPH JENNINGS, was and still is a resident of Kings County, City and State of New York.

2. At all relevant times herein mentioned, Defendant JETBLUE AIRWAYS CORPORATION (hereinafter referred to as "JETBLUE") was and still is a foreign corporation organized and existing under the laws of the State of Delaware and duly authorized to conduct business in the State of New York.

3. At all relevant times herein mentioned, Defendant JETBLUE maintained its principal place of business in the County of Queens, State of New York.

4. At all relevant times herein mentioned, Defendant JETBLUE maintained a place of business in the County of Queens, State of New York.

5. At all relevant times herein mentioned, Defendant JETBLUE maintained its principal place of business at 27-01 Queens Plaza North, Long Island City, New York 11101.

6. At all relevant times herein mentioned, Defendant JETBLUE maintained its principal New York office at 27-01 Queens Plaza North, Long Island City, New York 11101.

7. At all relevant times herein mentioned, Defendant JETBLUE transacted business in the State of New York.

8. At all relevant times herein mentioned, Defendant JETBLUE conducted business in the State of New York.

9. At all relevant times herein mentioned, Defendant JETBLUE had significant contacts with the State of New York.

10. At all relevant times herein mentioned, Defendant JETBLUE was and still is a commercial air carrier engaged in the business of carrying passengers for hire in international commerce.

11. At all relevant times herein mentioned, Defendant JANE DOE, the first and last name being fictitious, intended to identify the JETBLUE flight attendant (hereinafter "JANE DOE") was employed by Defendant JETBLUE.

12. At all relevant times herein mentioned, Defendant JETBLUE was a common carrier and an international airline which operated regularly scheduled passenger flights at Puerto Plata International Airport in the Dominican Republic.

## FACTUAL ALLEGATIONS

13. On or prior to June 8, 2023, Plaintiff JOSEPH JENNINGS had purchased a passenger ticket for JETBLUE Flight 1528, which was scheduled to depart from Puerto Plato International Airport on June 8, 2023, at approximately 1:18 p.m. and was destined for John F. Kennedy International Airport, in Queens County, State of New York.

14. On or about June 8, 2023, Plaintiff, who suffers from diabetes mellitus, boarded a JetBlue flight in the Dominican Republic, scheduled to fly to New York.

15. During the boarding process, Plaintiff urgently requested permission from "JANE DOE" the flight attendant employed by JETBLUE, to use the lavatory due to a medical need related to his diabetic condition.

16. On June 8, 2023, at approximately 1:00 p.m., Plaintiff JOSEPH JENNINGS, after boarding said plane, attempted to use the restroom when the flight attendant, "JANE DOE", refused to allow him access to use the restroom and told him that he must wait until the doors of the plane were closed.

17. On June 8, 2023, the flight attendant "JANE DOE" refused to allow plaintiff to use the restroom, instructing him to remain seated.

18. On June 8, 2023, after boarding was complete, Plaintiff again attempted to use the restroom due to increasing urgency.

19. On June 8, 2023, despite informing the flight crew of his diabetic condition and need for restroom use, plaintiff was instructed by "JANE DOE" to sit down. Plaintiff, then fearing a medical emergency, used the restroom.

20. On June 8, 2023, upon exiting the lavatory, Plaintiff was removed from the aircraft at the direction of flight attendant "JANE DOE".

21. On June 8, 2023, plaintiff advised airline personnel that he had no additional insulin and urgently needed to return to New York to administer his next dose of insulin.

22. On June 8, 2023, JETBLUE staff advised plaintiff that he would be rebooked on the next flight to New York but instead transported him to another airport in Santo Domingo, Dominican Republic, several hours away, causing him to miss the replacement flight.

23. On June 8, 2023, Plaintiff was left in the airport in Santo Domingo until approximately 10:00 PM waiting on another flight to New York without access to insulin or food.

24. On June 9, 2023, several hours later, upon finally arriving in New York, Plaintiff suffered a diabetic coma and collapsed while attempting to exit the plane and was transported by ambulance to a hospital.

25. As a result of the aforementioned incident, Plaintiff suffered physical injuries, emotional trauma, and medical complications.

### AS AND FOR FIRST CAUSE OF ACTION – NEGLIGENCE

26. Plaintiff repeats and realleges paragraphs "1" through "25" as if fully set forth herein.

27. At all relevant times herein mentioned, defendants owed a duty of reasonable care to Plaintiff as a passenger.

28. At all relevant times herein mentioned, Defendants breached their duty to Plaintiff by failing to accommodate Plaintiff's known medical needs and acting with disregard for his safety.

29. As a direct and proximate result of Defendants' negligence and failure to use ordinary care, Plaintiff sustained serious and severe personal injuries, medical expenses and loss.

### AS AND FOR SECOND CAUSE OF ACTION – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

30. Plaintiff repeats and realleges paragraphs "1" through "29" as if fully set forth herein.

31. Defendants' conduct in removing plaintiff from an aircraft, depriving him of his insulin, advising him that he would be rebooked on the next flight to New York but instead transporting him to another airport in Santo Domingo, Dominican Republic, several hours away, causing him to miss a replacement flight, leaving him in the airport in Santo Domingo until approximately 10:00 PM waiting on another flight to New York without access to insulin or food, and causing him to suffer a diabetic coma and collapse while attempting to exit the plane was outrageous, shocking and exceeded all reasonable bounds of decency, and was otherwise careless and negligent as to the emotional health of Plaintiff thus creating an unreasonable risk of causing Plaintiff emotional distress.

32. By reason of the foregoing, Plaintiff suffered emotional distress resulting in physical manifestations, including, but not limited to, coma and injury, and defendants are liable for negligent infliction of emotional distress.

### AS AND FOR A THIRD CAUSE OF ACTION – DISABILITY DISCRIMINATION

33. Plaintiff repeats and realleges paragraphs "1" through "32" as if fully set forth herein.

34. Defendants' refusal to accommodate Plaintiff's diabetic condition constitutes unlawful discrimination on the basis of disability in violation of New York State Human Rights Law.

35. As a result, Plaintiff has suffered damages, including humiliation, suffering, and emotional harm.

### AS AND FOR FOURTH CAUSE OF ACTION – FALSE IMPRISONMENT / UNLAWFUL EJECTION

36. Plaintiff repeats and realleges paragraphs "1" through "35" as if fully set forth herein.

37. On June 8, 2023, Defendants removed Plaintiff from the aircraft without just cause, despite his communication of a medical emergency.

38. The ejection of plaintiff from the aircraft was arbitrary, punitive, and unjustified, constituting a false imprisonment or unlawful denial of access to contracted travel.

## AS AND FOR FIFTH CAUSE OF ACTION –
## BREACH OF CONTRACT / IMPLIED COVENANT OF GOOD FAITH

39. Plaintiff repeats and realleges paragraphs "1" through "38" as if fully set forth herein.

40. At all relevant times herein mentioned, Plaintiff and Defendant JETBLUE entered into a contract of carriage for air travel from the Dominican Republic to New York.

41. Defendant JetBlue breached this agreement by failing to transport Plaintiff as contracted and instead subjected him to undue delay and medical risk.

42. Defendant JetBlue also violated the implied covenant of good faith and fair dealing by acting unreasonably and without proper justification.

## AS AND FOR SIXTH CAUSE OF ACTION –
## VIOLATION OF MONTREAL CONVENTION

43. Plaintiff repeats and realleges paragraphs "1" through "42" as if fully set forth herein.

44. At all relevant times herein mentioned, Plaintiff suffered bodily injury during the disembarkation process of an international flight.

45. Under Article 17 of the Montreal Convention for International Carriage by Air, Defendant JETBLUE is strictly liable for personal injuries sustained while embarking or disembarking from an aircraft.

46. Defendant JETBLUE is liable under the Montreal Convention for the injuries suffered in New York upon exiting the aircraft.

47. That by reason of the foregoing, Defendant JETBLUE is liable to pay full, fair and reasonable damages to the Plaintiff under the Warsaw Convention treaty, together with the Montreal Convention for International Carriage by Air, to which Defendant JETBLUE was a party, and the International Air Transport Association Inter-carrier Agreement on Passenger Liability, waiving all monetary limits in connection therewith, and additionally under all applicable law providing for recovery of damages.

48. This action falls within one of the exceptions of Article 16 of the C.P.L.R. in that it involves a non-delegable duty and/or the reckless disregard for the safety of others.

### AS AND FOR SEVENTH CAUSE OF ACTION – VIOLATION OF AIR CARRIER ACCESS ACT

49. Plaintiff repeats and realleges paragraphs "1" through "48" as if fully set forth herein.

50. The Air Carrier Access Act (ACAA), codified at 49 U.S.C. § 41705, prohibits discrimination against individuals on the basis of disability in the provision of air transportation services by U.S. and foreign air carriers.

51. At all relevant times, Defendant JETBLUE was an "air carrier" as defined by 49 U.S.C. § 40102 and subject to the provisions of the ACAA and its implementing regulations at 14 C.F.R. Part 382.

52. Plaintiff is an individual with a disability as defined by the ACAA and its regulations in that Plaintiff has a physical and/or medical impairment that substantially limits one or more major life activities.

53. On or about June 8, 2023, Plaintiff was a passenger on a flight operated by Defendant JETBLUE from the Dominican Republic to New York's JFK International Airport.

54. Despite Defendant's knowledge of Plaintiff's disability, Defendant failed to provide reasonable accommodations and discriminated against Plaintiff by denying timely access to the lavatory, refusing to permit the use of necessary assistive devices, removing Plaintiff from the aircraft, depriving plaintiff of insulin and other medications and otherwise failing to provide plaintiff with access to medical treatment and medication.

55. Defendant's actions were in violation of 49 U.S.C. § 41705 and the applicable federal regulations promulgated by the U.S. Department of Transportation.

56. As a direct and proximate result of Defendant's violations, Plaintiff suffered serious injuries, humiliation, emotional distress, physical discomfort, loss of dignity, and other damages, including costs incurred as a result of Defendant's unlawful conduct.

**WHEREFORE**, plaintiff demands judgment against the defendants herein on all causes of action in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: HICKSVILLE, NEW YORK
June 26, 2025

BERGMAN BERGMAN FIELDS
& LAMONSOFF, LLP
Attorneys for Plaintiff
Office & P.O. Address
801 S. Broadway
Hicksville, New York 11801
Telephone No.: (516) 739-2220

_____
By: Melissa A. Cavaliere

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK    )
                     )   ss.:
COUNTY OF NASSAU     )

I, the undersigned, an attorney admitted to practice in the Courts of New York State, state that:

1. I am associated with the law firm of BERGMAN BERGMAN FIELDS & LAMONSOFF, LLP, the attorneys of record for plaintiff JOSEPH JENNINGS in the within action.

2. I have read the foregoing COMPLAINT and know the contents thereof. The same is true to my own knowledge, except as to those matters therein alleged to be on information and belief, and as to those matters I believe it to be true.

3. The reason this verification is made by me and not by the Plaintiff herein is because the Plaintiff does not reside in the County of Nassau in which said law firm is located.

4. The grounds of my belief as to all matters not stated upon my own knowledge are as follows: based on records and documents in deponent's possession and conversations had with plaintiff.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: HICKSVILLE, NEW YORK
       June 26, 2025

_____
Melissa A. Cavaliere

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

JOSEPH JENNINGS,

Plaintiff(s),

-against-

JETBLUE AIRWAYS CORPORATION and JANE DOE, the first and last name being fictitious, intended to identify the JETBLUE flight attendant,

Defendant(s).

---

**SUMMONS and VERIFIED COMPLAINT**

---

*BERGMAN BERGMAN FIELDS & LAMONSOFF, LLP*
*Attorneys for Plaintiff(s)*
*801 S. Broadway*
*Hicksville, New York 11801*
*(516) 739-2220*

---

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
JOSEPH JENNINGS,

                         Plaintiff/Petitioner,

        - against -                                 Index No.521150/2025

JETBLUE AIRWAYS CORPORATION, et ano

                         Defendant/Respondent.
-------------------------------------------------------------------X

## NOTICE OF ELECTRONIC FILING
(Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.

  If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

  The benefits of participating in e-filing include:

  - serving and filing your documents electronically
  - free access to view and print your e-filed documents
  - limiting your number of trips to the courthouse
  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys
### (E-filing is Mandatory for Attorneys)

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: July 3, 2025

CLIFFORD D. GABEL
Name

Bergman Bergman Fields & Lamonsoff, LLP
Firm Name

801 S. Broadway

Hicksville, New York 11801
Address

516.739.2220
Phone

cgabel@selectattorney.com
E-Mail

To: Defendants

2/24/20

Index #     Page 2 of 2     EFM-1